UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEBORAH E. MILLER, | : | Case No. 3:20-cv-506 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMSSIONER OF SOCIAL | : | |
| SECURTY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Deborah E. Miller brings this case challenging the Social Security Administration's denial of her application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. # 9), the Commissioner's Memorandum in Opposition (Doc. #10), and the administrative record (Doc. # 8).

**I.      Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In the present case, Plaintiff applied for benefits on July 31, 2018, alleging disability due to a foot deformity; being unable to walk or stand; being unable to sit for long periods of time; hip pain; lower back pain; joint pain; and depression. After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Kevin R. Barnes on March 3, 2020. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

Step 1: Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 9, 2014 through her date last insured of December 31, 2018.

Step 2: Through the date last insured, the Plaintiff had the following severe impairments: bilateral pes planus deformity with bilateral bunions and obesity.

Step 3: Through the date last insured, the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), through the date last insured, consisted of "sedentary work as defined in 20 CFR 404.1567(a) subject to the following limitations: (1) never climbing ladders, ropes, or scaffolds or crawling; (2) occasionally climbing ramps and stairs with handrails; (3) occasionally balancing, stooping, crouching, and kneeling; (4) avoid unprotected heights and hazardous machinery; (5) sitting or standing alternatively for up to 20 minutes every hour; and (6) jobs which can be performed while using a handheld assistive device (e.g., cane, walker) for ambulation."

Through the date last insured, Plaintiff was unable to perform her past relevant work as a nurse's assistant, home health aide, or an administrative assistant.

    Step 5:      Through the date last insured, Plaintiff could have performed a significant number of jobs that existed in the national economy such as a clerk typist, admitting clerk, or receptionist.

(Doc. #8, *PageID* #s 51-62). Based on these findings, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from January 9, 2014, the alleged onset date, through December 31, 2018, the date last insured. *Id.* at 62.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #8, *PageID* #s 51-62), Plaintiff's Statement of Errors (Doc. #9), and the Commissioner's Memorandum in Opposition (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

In her Statement of Errors, Plaintiff raises a single assignment of error, which is that the ALJ failed to "fully consider the testimony of the vocational expert when holding [Plaintiff] to have a residual functional capacity [(RFC)] to perform sedentary exertional work." (Doc. #9, *PageID* #489). According to Plaintiff, ALJ Barnes erred by failing to consider the vocational expert's testimony on absences and off-task behavior when finding that Plaintiff would be able to perform sedentary work. *Id*. at 490. In response, the Commissioner points out that the ALJ's formulated RFC was more restrictive than any medical opinion of evidence and that his decision to exclude the work-preclusive limitations posed in his fifth hypothetical is supported by substantial evidence. (Doc. #10, *PageID* #s 498-509).

During the hearing, ALJ Barnes posed a series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an individual with certain hypothetical limitations. (Doc. #8, *PageID* #s 87-91). In the first four hypotheticals, the vocational expert was able to identify at least 25,000 jobs that would be available in the national economy for an individual with the specified limitations. *See id.* In the fifth hypothetical, ALJ Barnes added the additional hypothetical limitations that the individual would be "off task 20 percent of the workday in addition to regularly scheduled breaks and … be absent from work at least two days per month due to

4

medically determinable impairments[.]" *Id*. at 91. In response, the vocational expert indicated that such additional limitations would be work-preclusive. *Id*.

In assessing Plaintiff's RFC, ALJ Barnes ultimately decided not to include either of the hypothetical limitations set forth in the fifth hypothetical. *See id*. at 56-60. Plaintiff contends that the failure to include these limitations in the RFC constitutes reversible error as she would have been found disabled had these limitations been included. (Doc. #9, *PageID* #s 489-49).

Plaintiff's argument is without merit. In assessing a plaintiff's RFC, the ALJ is not required to incorporate every limitation included in the hypothetical questions he asks the vocational expert—rather, the ALJ need only incorporate the limitations he deems credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (internal citation omitted). The fact that the ALJ posed certain hypothetical limitations to the vocational expert does not bind him to include those limitations in the RFC. *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. That does not mean that the vocational expert's answer about the *hypothetical individual* binds the ALJ.") (internal citation omitted); *see also Beckham v. Comm'r of Soc. Sec.*, No. 1:19-CV-576, 2020 WL 5035451, at *9 (S.D. Ohio Aug. 26, 2020) (Litkovitz, M.J.) ("Simply posing a hypothetical question to the [vocational expert] does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations.").

In this case, Plaintiff relies on generalities in her medical records and testimony to support her claim that her RFC should have included the work-preclusive restrictions of being off task and absent from work due to her impairments. (Doc. #9, *PageID* #s 491-493).  Specifically, Plaintiff points to her ongoing treatment for her bilateral pes planus deformity with bilateral bunions and the chronic pain that is associated therewith. *Id*. at 491-492.  She notes that Dr. Babatunde Onamusi diagnosed her with severe bilateral pes planus deformity with bilateral bunions and that Dr. Leslie Green found her to have both foot disorders and major joint dysfunction. *See id*.  Noticeably absent from Plaintiff's argument is the fact that neither of these doctors endorsed the work-preclusive restrictions she believes should have been included in her RFC.  Indeed, while the record confirms that Plaintiff has been diagnosed and receives regular treatment for her foot impairments, there is no medical opinion of record stating that these impairments would cause Plaintiff to be off task for twenty percent of the time or miss two days of work a month.

Plaintiff's reliance on the opinions of Drs. Onamusi and Green is even more puzzling in light of ALJ Barnes' finding that both doctors *overestimated* Plaintiff's physical abilities. (*See* Doc. #8, *PageID* #s 57-58).  In fact, ALJ Barnes' justification for discrediting Dr. Onamusi's opinion was due to Dr. Onamusi's vague descriptions of Plaintiff's restrictions as well as his suggestion that Plaintiff was capable of a more strenuous work classification than ALJ Barnes found to be supported by the record.  *Id*. at 57.  Similarly, in reviewing Dr. Green's opinion, ALJ Barnes adopted most of Dr. Green's limitations "with some refinement and *additional* limitations imposed to account for the complete longitudinal record, including [Plaintiff's] hearing testimony." *Id*. at 58 (emphasis added).  Significantly, ALJ Barnes reduced Plaintiff's RFC to a "sedentary" work

classification instead of the "light" classification that Dr. Green appeared to endorse. *Id*. In reaching this conclusion, the ALJ cited to Plaintiff's subjective complaints and documented physical impairments, explaining that Plaintiff "continues to complain and seek treatment for symptoms associated with her various orthopedic problems, specifically bilateral foot pain and joint pain in the hips and knee which hamper her mobility." *Id*. As such, ALJ Barnes found the evidence to "warrant[] finding that light work is an overestimation of [Plaintiff's] physical capacity and support[] reducing [Plaintiff's] exertional level to sedentary work. *Id*.

In short, ALJ Barnes accommodated all of the physical restrictions recommended by Drs. Onamusi and Green and even imposed greater restrictions in areas where he found Plaintiff's subjective complaints to merit more physical limitations. *See id*. at 57-58. Thus, to the extent that Plaintiff maintains that these medical opinions support her work-preclusive restrictions, her argument lacks merit. *See Putman v. Comm'r of Soc. Sec.*, No. 2:20-CV-3895, 2021 WL 2700330, at *5 (S.D. Ohio July 1, 2021) (Jolson, M.J.) ("An ALJ does not commit reversible error when discounting a medical opinion or an administrative finding because the ALJ determines that a claimant is more limited than opined."); s*ee also Mosed v. Comm'r of Soc. Sec.*, No. 2:14–cv–14357, 2016 WL 6211288, at *7 (E.D. Mich. Jan. 22, 2016) *report and recommendation adopted*, 2016 WL 1084679 ("Plaintiff's argument that the ALJ erred in assessing a more restrictive RFC than that opined by the State agency consultants is curious and unavailing.")

Additionally, Plaintiff's reliance on her subjective complaints to support including these limitations in her RFC is unavailing. It is well-settled that an ALJ is not required to accept a plaintiff's subjective complaints but may instead properly consider the credibility of a plaintiff.

*Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). If the ALJ's credibility determinations are explained and enjoy substantial support in the record, the Court is without authority to revisit those determinations. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating that: "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)). *See Beavers v. Sec'y. of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

Here, it is notable that none of the record evidence cited by Plaintiff actually demonstrates that her impairments would cause her to be off task twenty percent of the time and miss two days of work a month. Further, even if Plaintiff had provided such citations to the record, substantial evidence exists to support ALJ Barnes' decision not to include those limitations in the RFC. For example, in response to Plaintiff's subjective complaints regarding the severity of her symptoms, ALJ Barnes noted that Plaintiff "retained sufficient physical capacity to care for her mother who had weakness/falls/neuropathy and to exercise for weight loss[.]" *Id*. at 59 (citing Doc. #8, *PageID* #365). He also noted that Plaintiff presented with an unlimited range of motion in her feet without pain or instability at her examination. *Id*. (citing Doc. #8, *PageID* #s 336, 342, 345, 349, 355, 393). The ALJ also observed that, despite the reported swelling and tenderness, Plaintiff's ankles continued to "remain[] neurologically intact with normal sensation, vibration, and pinprick [as well as] normal and symmetrical deep tendon reflexes." *Id*.

Hence, ALJ Barnes carefully considered the totality of the evidence, applied the proper standards, and clearly explained his credibility findings. In doing so, he did not find Plaintiff's

alleged impairments to be wholly uncredible but, rather, he simply found that they did not support the additional hypothetical limitations advocated by Plaintiff. Under these circumstances, this Court is without authority to disturb that finding.

For these reasons, Plaintiff's statement of error is not well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be affirmed; and
2. The case be terminated on the Court's docket.

October 12, 2021

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).